Estate of Mary B. Booth, Deceased, National Bank of Detroit, Executor v. Commissioner.
Estate of Booth v. Commissioner
Docket No. 37085.
United States Tax Court
T.C. Memo 1954-36; 1954 Tax Ct. Memo LEXIS 210; 13 T.C.M. (CCH) 457; T.C.M. (RIA) 54140; May 12, 1954, Filed *210 Ralph H. Booth Corporation owned shares of Detroit Bankers Company which, in turn, owned substantially all of the stock of First National Bank, Detroit, which failed and went into receivership. Ralph H. Booth Corporation paid its share of assessment on stockholders of the bank. Later, Ralph H. Booth Corporation was dissolved, and its assets were distributed in liquidation to its stockholders, including Mary B. Booth. The assets so distributed included the right to a share in any distribution to those who had made payments to the Receiver of the bank on account of assessments on the stockholders of the bank. Such a distribution was made to Mary B. Booth in 1948. The basis, in the hands of Mary B. Booth, of the right to share in such distribution was zero. Held, on authority of Estate of Fred T. Murphy, Deceased, Detroit Trust Company and Edward S. Reid, Jr., Executors, et al., 22 T.C. 242, that the amount of the 1948 distribution is to be treated as a long-term capital gain. Clarence A. Bradford, Esq., 932 Buhl Building, Detroit, Mich., for the petitioner. Peter K. Nevitt, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion
*211 The only issue in the case is whether a distribution to Mary B. Booth in 1948 on account of an assessment on stockholders of a national bank, the right to which distribution was acquired by her as a result of the liquidation of a corporation which had paid the original amount assessed, is to be treated as long-term capital gain or ordinary income. The proceeding, insofar as it related to the year 1949, was dismissed for lack of jurisdiction by Order dated December 12, 1951. Findings of Fact All of the facts are stipulated and are incorporated herein by reference. The facts may be summarized as follows: Decedent owned one-third of the stock of Ralph H. Booth Corporation from 1931 until June 19, 1936. During the year 1933, and prior thereto, Ralph H. Booth Corporation owned 2,000 shares of the common stock of Detroit Bankers Company, which was a holding corporation, the assets of which consisted of stocks of various banks in Michigan, including First National Bank, Detroit, a Federal banking corporation. On February 11, 1933, the First National Bank, Detroit, failed and was placed in receivership. All of its capital stock, except directors' qualifying shares, was owned by *212 Detroit Bankers Company. The stock of the bank, and of Detroit Bankers Company, became worthless on February 11, 1933. The Ralph H. Booth Corporation, in reporting its income tax for 1933, deducted without tax benefit the full value of its Detroit Bankers Company stock. By letter dated March 12, 1934, the Receiver of the First National Bank, Detroit, notified Ralph H. Booth Corporation, as the record owner of 2,000 shares of Detroit Bankers Company, that it was liable for the payment of $28,651.13, with interest, representing its proportionate share of an assessment on stockholders of the First National Bank, Detroit. Pursuant to this letter, the Ralph H. Booth Corporation, in 1934, paid $28,651.13 to the Receiver of the bank on account of the assessment on its 2,000 shares of Detroit Bankers Company stock. The amount so paid was claimed as a deduction by the Ralph H. Booth Corporation on its income tax return filed for the taxable year 1934, but the corporation did not derive any tax benefit from the deduction. On June 19, 1936, Ralph H. Booth Corporation was dissolved and its assets were distributed to its shareholders, who were Mary B. Booth and her two children. Mary Booth *213 received thereby one-third of the 2,000 shares of Detroit Bankers Company stock and the right to recover one-third of the amount paid by the Corporation as an assessment on its Detroit Bankers Company stock. At the time of this distribution, Detroit Bankers Company stock and the right to recover the amount paid on the assessment on Detroit Bankers Company stock had no value according to the books of Ralph H. Booth Corporation. Mary B. Booth, in reporting her income tax for the taxable year 1936, deducted, without tax benefit, as a capital loss, the difference between the cost basis of her stock in the Ralph H. Booth Corporation and the fair market value of the liquidated assets which she received from the corporation. Liquidation of the assets of the First National Bank, Detroit, continued under its Receiver until on or about November 13, 1942, when the remaining assets of the bank were transferred to the First Liquidating Corporation under the terms of a Plan of Liquidation which provided for ultimate distribution in accordance with priorities set forth in the Plan. Next to last in priority was distribution to those who had made payment to the Receiver on account of assessments *214 on the stock of the bank, ratably in proportion to the amount paid by each on the principal of the assessment. Liquidation of the remaining assets of the First National Bank, Detroit, was carried on in accordance with the Plan. In 1948, distributions were made by the First Liquidating Corporation in accordance with the Plan to persons who had made payment to the Receiver of the bank. Mary B. Booth received $2,342.63 as such a distribution in 1948. Opinion FISHER, Judge: The parties agree that the only issue before us is whether or not the distribution of $2,342.63 made to Mary B. Booth in 1948 by First Liquidating Corporation is to be treated as long-term capital gain or ordinary income. It is further agreed by the parties (a) that petitioner's basis for the amount recovered through such distribution is zero, and (b) that no tax benefits were derived from previous income tax deductions which might otherwise be material. Respondent takes the position that the assessment paid by Ralph H. Booth Corporation did not constitute additional cost of stock, and that since the distribution to Mary H. Booth in 1948 represented a return of part of said assessment, the amount of the distribution *215 was not a return of capital subject to treatment as a liquidating dividend. Both of these contentions were fully considered, upon facts identical in principle, in Judge Withey's opinion (reviewed by the Court) in the case of Estate of Fred T. Murphy, Deceased, Detroit Trust Company and Edward S. Reid, Jr., Executors, et al., 22 T.C. 242. It was held in that case that the assessments constituted additional cost of stock in Detroit Bankers Company and that the later distributions to those assessed, or their successors in interest, were distributions in liquidation to be treated as long-term capital gains. The fact that the right of Mary B. Booth to a share in the distribution arose out of a liquidating dividend to her from Ralph H. Booth Corporation does not alter the picture in any material respect. We see no reason to repeat or summarize the very thorough analysis made by Judge Withey in Estate of Fred T. Murphy, Deceased, etc., supra, but hold on the authority of the opinion in that case that the amount of distribution involved in the instant proceeding is to be treated as a long-term capital gain. Decision will be entered under Rule 50.